David T. Pollock (SBN 217546)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: 415-543- 8700
Facsimile: 415-391-8269

Mark W. Wasserman (*Admitted Pro Hac Vice*)
Matthew R. Sheldon (*Admitted Pro Hac Vice*)
Brent R. Gary (*Admitted Pro Hac Vice*)
REED SMITH LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, Virginia 22042
Telephone: 703-641-4200
Facsimile: 703-641-4340

Attorneys for Plaintiff, Pragmatus AV, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAGMATUS AV, LLC,<br><br>              Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>              Defendant. | No.: 5:11CV02168-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY PENDING THE COURT'S RULING ON FACEBOOK'S MOTION TO STAY CASE PENDING *INTER PARTES* REEXAMINATION OF PATENTS-IN-SUIT**<br><br>**JUDGE EDWARD J. DAVILA**<br><br>Date: October 12, 2011<br>Time: 9:00 a.m.<br>Courtroom: Courtroom 1<br>Judge: Honorable Edward J. Davila |

Plaintiff Pragmatus AV, LLC ("Pragmatus"), by counsel, hereby submits this Opposition to Defendant Facebook, Inc.'s ("Facebook") Motion for Stay Pending the Court's Ruling on Facebook's Motion to Stay Case Pending *Inter Partes* Reexamination of Patents-In-Suit.

## INTRODUCTION

Even though the Court specifically decided that it would wait for a decision from the Patent & Trademark Office ("PTO") regarding Facebook's patent reexamination requests before ruling on Facebook's motion for a stay, Facebook is now trying to sidestep the Court's decision by seeking a "pre-stay" stay. Facebook offers *no authority* whatsoever in support of its pre-stay motion, and Pragmatus is unaware of any. Neither the Federal Rules of Civil Procedure nor the Court's Local Rules permit the Court to grant the extraordinary relief Facebook now requests.

In addition, the parties are already engaged in discovery and it would be unfair and prejudicial to Pragmatus to prevent it from seeking and obtaining discovery to prove its case.

For these reasons, and for the reasons set forth more specifically below, the Court should deny Facebook's request for a pre-stay stay.

## BACKGROUND

### A. Discovery and Scheduling.

On August 4, 2011, Pragmatus served interrogatories, requests for admission, and requests for production of documents on Facebook.

On August 23, 2011, the Court entered a Patent Scheduling Order. Among other things, this Court's order required:

- Pragmatus to serve Infringement Contentions by September 5, 2011;
- Facebook to serve Invalidity Contentions by October 10, 2011;
- Joint Claim Construction and Pre-Hearing Statement by December 9, 2011;

- Close of Claim Construction Discovery by January 9, 2012;
- Joint Case Management Statement for Interim Conference by January 17, 2012;
- Interim Case Management Conference on January 27, 2012; and
- Case Tutorial and Claim Construction Hearing on March 6, 2012.

The Patent Scheduling Order also provided that "[N]one of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court."

Facebook served objections and responses to Pragmatus' discovery requests on September 6, 2011. Facebook did not produce a single document pursuant to Pragmatus' discovery requests.

**B.   The Requests for Reexamination.**

Facebook filed requests for reexamination of the patents-in-suit on August 17, 2011 and its motion to stay on August 18, 2011.

**C.   Facebook Ignores Patent Local Rule 2-2.**

Facebook objected to every single discovery request that Pragmatus served on it, and it has not produced a single document.

The parties have had two meet-and-confer sessions regarding Facebook's objections and responses to Pragmatus' discovery requests. The parties have also discussed a protective order.

During the meet-and-confer sessions, Facebook stated that it would not produce any confidential information of any type unless and until the parties had agreed on the terms of a protective order. Pragmatus reminded Facebook that Patent Local Rule 2-2 (below) flatly prohibited such tactics:

> Discovery cannot be withheld on the basis of confidentiality absent Court order. The Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order. The approved Protective Order can be found on the Court's website.

Facebook acknowledged Rule 2-2, but stated that its case was a "special situation" that excused it from complying with the Rule. Therefore, Facebook has, in effect, granted itself the pre-stay stay it now claims it is seeking from this Court.

### D. Infringement/Invalidity Contentions.

Pragmatus served its Infringement Contentions on September 2, 2011. According to this Court's scheduling order, Facebook's invalidity contentions are due by October 10, 2011.

### E. This Motion For A "Pre-Stay" Stay.

On September 15, 2011, this Court conducted a hearing in Pragmatus AV, LLC v. Facebook, Inc., et al., Case No. 5:11cv00494-EJD. The parties in that case are also parties in this case, and they are represented by the same attorneys. Near the end of the September 15 hearing, the Court noted that a hearing was scheduled for September 22, 2011 on Facebook's motion to stay in this case, and that the Court intended to reschedule that hearing for mid-November, 2011 so that it would know how the PTO had ruled on Facebook's requests for reexamination before considering Facebook's motion to stay. After a discussion with counsel, the Court postponed the hearing on Facebook's motion to stay in this case from September 22, 2011 to November 18, 2011. The Court then scheduled a hearing on this motion for October 12, 2011.

On September 19, 2011, Facebook filed the present motion for a pre-stay stay.

## ARGUMENT

### A. There Is No Authority Supporting a "Pre-Stay" Stay.

Facebook cites no authority whatsoever in support of its request for a pre-stay stay. The Federal Rules of Civil Procedure and this Court's Local Rules do not permit a party to seek a pre-stay stay merely to preserve the "status quo" until the Court rules on a motion to stay. Rather, the Federal Rules and this Court's Local Rules expressly permit parties to conduct discovery to prepare for trial.

In addition, as Pragmatus stated in its opposition to Facebook's stay motion, many district courts -- including this Court -- have denied the type of relief Facebook seeks here (i.e., a stay before the PTO has ruled on a request for reexamination). See, e.g., Tokuyama Corp. v. Vision Dynamics, LLC, 2008 WL 4532565, at *1 (N.D. Cal., Oct. 9, 2008) ("That no PTO proceedings are underway creates a delay to the plaintiffs which is prejudicial. While a delay created simply because proceedings are *already* underway is not a basis for demonstrating 'undue prejudice,' this delay is different.") (Emphasis in the original.); Ultra Products, Inc. v. Antec, Inc., 2010 WL 1688538, *3 (N.D. Cal. Apr. 26, 2010) (noting that a request for a stay prior to the PTO's decision to grant or deny a reexamination request is "premature"); Heinz Kettler GMBH & Co., KG v. Indian Indus., Inc., 592 F. Supp.2d 880, 882 (E.D. Va. 2009) (in accordance with 35 U.S.C. § 318, a stay may not be ordered before the PTO makes a decision on a request for reexamination).

If this Court and other district courts refuse to grant a motion to stay on the merits until the PTO decides whether to grant a request for reexamination, there certainly is no foundation on which to grant a pre-stay stay effectively permitting the same relief.

Accordingly, the Court should not grant any stay prior to the time the PTO decides whether to grant Facebook's requests for reexamination.

**B.  The Parties Have Already Engaged in Discovery and a Pre-Stay Stay Would Prejudice Pragmatus.**

The Court entered a scheduling order on August 23, 2011 that sets forth various deadlines over the next few months, including deadlines for infringement and invalidity contentions, as well as claims construction disclosure and briefing. By the November 17, 2011 deadline for the PTO to decide whether to grant or deny the requested reexaminations, the parties will have exchanged claim terms for construction, decided which terms may be case or claim dispositive, and exchanged preliminary claim constructions and extrinsic evidence.

In addition, the parties have already engaged in discovery in this case. As noted above, following the parties' Rule 26(f) conference, Pragmatus served its first set of interrogatories, requests for admission, and request for production of documents on Facebook. Facebook served objections and responses to the discovery requests on September 6, 2011. The parties have conferred twice regarding Facebook's objections and responses, and although Facebook has stated that it will, at some unspecified later date, produce certain documents, it has also stated that it will not produce any confidential information unless and until the parties agree on a protective order. This, of course, is prohibited by Patent Local Rule 2-2.

Facebook has thus effectively granted itself a partial pre-stay stay by categorically stating it will not produce any confidential information until the parties agree on a protective order.

Facebook is not entitled to pick-and-choose which discovery it will provide or withhold. Nor is it entitled to ignore the Local Rules of this Court. Facebook is required to abide by this Court's Scheduling Order and proceed with discovery like every other litigant.

Furthermore, granting Facebook's pre-stay stay motion would be unfair. Pragmatus filed this case ten months ago, so there has already been substantial delay in moving the case forward. In addition, Pragmatus served its infringement contentions over three weeks ago. Facebook is required to serve its invalidity contentions by October 10, 2011. If the Court imposes a pre-stay stay prior to the scheduled hearing on October 12, Facebook may have the benefit of Pragmatus' infringement contentions whereas Pragmatus would not have the benefit of Facebook's invalidity contentions. This would amount to a substantial "head-start" for Facebook.

Finally, the parties can use the next two months to continue with discovery. It would be inefficient to do nothing and simply wait, denying Pragmatus the right to obtain basic discovery to prove its case.

## CONCLUSION

For the foregoing reasons, Pragmatus respectfully requests this Court to deny Facebook's stay motion.

REED SMITH LLP


By     /s/ David T. Pollock
       David T. Pollock (SBN 217546)
       Email: dpollock@reedsmith.com
       Attorneys for Pragmatus Av, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2011, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

>Heidi Lyn Keefe, Esq.
>Matthew P. Gubiotti, Esq.
>Mark R. Weinstein, Esq.
>Cooley LLP
>3175 Hanover Street
>Palo Alto, California 94304
>hkeefe@cooley.com
>mgubiotti@cooley.com
>mweinstein@cooley.com
>*Counsel for Defendant, Facebook, Inc.*
>
>Justin P.D. Wilcox, Esq.
>Scott A. Cole, Esq.
>Cooley LLP
>One Freedom Square
>Reston Town Center
>11951 Freedom Drive
>Reston, Virginia 20190-5656
>jwilcox@cooley.com
>scole@cooley.com
>*Counsel for Defendant, Facebook, Inc.*
>
>Michael G. Rhodes, Esq.
>Cooley LLP
>101 California Street
>5th Floor
>San Francisco, California 94111-5800
>mrhodes@cooley.com
>*Counsel for Defendant, Facebook, Inc.*

>_____/s/ David T. Pollock_____
>David T. Pollock
>Reed Smith LLP
>101 Second Street
>Suite 1800
>San Francisco, California 94105-3659
>*Counsel for Plaintiff, Pragmatus AV, LLC*