IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAGMATUS AV, LLC, | Case No. 11-CV-02168-EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE PENDING *INTER PARTES* REEXAMINATION OF PANTENTS-IN-SUIT** |
| v. | |
| FACEBOOK, INC., | |
| Defendant. | Re: Docket Item No. 44 |

Presently before the court is Defendant's Motion to Stay Case Pending Reexamination of the patents-in-suit. Oral argument was scheduled for September 23, 2011. On September 15, 2011, the court continued the hearing until after the USPTO reached a decision regarding whether to grant the reexamination in November 2011. This continuance resulted in an additional motion to stay discovery pending the court's ruling on the continued motion and a motion to compel discovery. In light of the completed briefing submitted to the court and the additional motion practice caused by the delay in ruling on this motion to stay, the court finds it appropriate to rule on the motion to stay without oral argument. *See* Civil L.R. 7-1(b). For the reasons set forth below, the motion is GRANTED and the case is STAYED.

## I. BACKGROUND

On November 15, 2010, Plaintiff Pragmatus AV, LLC ("Pragmatus") brought this action against Defendant Facebook, Inc. ("Facebook") alleging infringement of U.S. Patent No. 7,421,470 ("the '470 patent") and U.S. Patent No. 7,433, 921 ("the '921 patent") in the Eastern District of Virginia. On January 21, 2011, Facebook moved to transfer venue pursuant to 28 U.S.C. § 1404(a).

(Mot. To Transfer Case, ECF No. 12.) On April 29, 2011, the Eastern District of Virginia granted the Defendant's motion and transferred this action to this court. (Order Granting Facebook, Inc.'s Motion To Transfer Venue, ECF No. 25.) On May 3, 2011, this action was assigned to the undersigned and a case management conference was set for August 26, 2011.

On August 17, 2011, Facebook filed a separate request for *inter partes* reexamination for each of the patents-in-suit pursuant to 35 U.S.C. § 311. (See Decl. of Heidi L. Keefe in Supp. Mot. To Stay ¶¶ 2-3, Exs. A, B.) The requests identified prior art references that Facebook argues raise substantial new questions of patentability that were not considered during prosecution of the applications that matured into the patents-in-suit. (Id.) On August 18, 2011, Facebook filed this Motion to Stay Pending *Inter Partes* Reexamination. (Mot. To Stay Case Pending *Inter Partes* Reexamination of Patents-in-Suit, ECF No. 44.) The PTO has must decide Facebook's requests no later than November 17, 2011. (Id. at 3:9 (citing 35 U.S.C. § 312 (amended 2011))).

## II. LEGAL STANDARDS

"Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art" consisting of patents or printed publications. 35 U.S.C. § 302 (amended 2011). "Congress instituted the reexamination process to shift the burden or reexamination of patent validity from the courts to the PTO." Yodlee, Inc. v. Ablaise Ltd., Nos. C-06-07222 SBA, C-06-02451 SBA, C-07-01995 SB, 2009 WL 112857, at *2 (N.D. Cal. Jan. 16, 2009) (quoting Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 78 (D.D.C. 2002)) (quotation marks omitted). "Patent validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation." Canady, 271 F. Supp. 2d at 78 (citation omitted).

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936); Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983)). "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." ASCII Corp. v. STD Entm't USA, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994). However, "[a] court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims

which the court must analyze." NTP, Inc. v. Research In Motion, Ltd., 397 F. Supp. 2d 785, 787 (E.D. Va. 2005) (citing Viskase Corp. v. Am. Nat'l Can Co., 261 F. 3d 1316, 1328 (Fed. Cir. 2001); Medichem, S.A. v. Rolabo, S.L., 353 F.3d 928, 936 (Fed. Cir. 2003); Patlex Corp. v. Mossinghoff, 758 F.2d 594, 602–03 (Fed. Cir. 1985)). Nevertheless, a court may decide to grant a motion to stay "in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources, especially if the evidence suggests that the patents-in-suit will not survive reexamination." MercExchange, L.L.C. v. eBay, Inc., 500 F. Supp. 2d 556, 563 (E.D. Va. 2007).

Courts consider three main factors in determining whether to stay a case pending reexamination: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citing In re Cygnus Telecomms. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

### III. ANALYSIS

**A. STAGE OF PROCEEDINGS**

The early stage of a litigation weighs in favor of granting a stay pending reexamination. See Target Therapeutics, Inc. v. SciMed Life Sys., Inc., 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time . . . invested" in the litigation weighed in favor of staying the litigation); see also, ASCII Corp., 844 F.Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial).

On August 4, 2011, Pragmatus served Facebook with its first set of interrogatories, requests for admission, and a request for production of documents. (Pl.'s Opp'n to Def.'s Motion for Stay Pending the Court's Ruling on Facebook's Motion To Stay Case Pending Inter Partes Reexamintion of Patents-in-Suit at 1:19-20, ECF No. 53). Facebook served objections to these requests on September 6, 2011. (Id. at 2:9-10.) On September 2, 2011, Pragmatus served its infringement contentions. (Id. at 3:5-6.) Facebook was required to file its invalidity contentions no later than yesterday, October 10, 2011 (Patent Scheduling Order, ECF No. 47). The court has not been informed regarding whether Facebook complied with this deadline. Beyond the infringement

contentions and possibly the invalidity contentions, no discovery has been produced, and no trial date has been set.

When, as here, there has been no material progress in the litigation, courts in this district strongly favor granting stays pending *inter partes* reexamination. Accordingly, the court finds that this factor weighs heavily in favor of a stay.

**B. SIMPLIFICATION OF ISSUES**

According to the USPTO, 95% of all requests for *inter partes* reexamination are granted.[1] (Pl.'s Opp'n Ex. B, ECF No. 48-2.) Of those granted reexaminations, 44% of all *inter partes* reexamination proceedings between 1999 and June 30, 2011 resulted in all claims being canceled, 43% changed the claims, and only 13% confirmed all claims. (Id.) "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." Target Therapeutics, 33 U.S.P.Q.2d at 2023; see also Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983); Pegasus Devel. Corp. v. DirectTV, Inc., No. Civ.A. 00–1020–GMS, 2003 WL 21105073, at *1-2 (D. Del. May 14, 2003) (noting the benefits of granting a stay pending reexamination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid). Here, Facebook has requested reexamination of all claims of each of the patents-in-suit, arguing they are invalid in view of the prior art references. Although the USPTO has not yet determined whether reexamination is warranted or which claims are subject to reexamination, Facebook's request for reexamination includes all claims at issue in this litigation and there is a high statistical likelihood that reexamination will be granted and the claims will either change or be canceled. Accordingly, the court finds that this factor weighs in favor of a stay, which will simplify the issues and streamline the trial, thereby reducing the burden on, and preserving the resources of both the parties and the court.

---

[1] This figure may no longer accurately reflect the USPTO's rate of granting reexamination in light of the higher standard for granting an *inter partes* reexamination created by the Leahy-Smith America Invents Act, which replaced the "substantial new question of patentability" (35 U.S.C.A. § 312 (amended 2011)) standard with the "reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition" (Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 314(a), 125 Stat 284 (Sept. 16, 2011)).

**C. UNDUE PREJUDICE OR CLEAR TACTICAL DISADVANTAGE**

In determining whether to grant a stay, courts also consider any resulting undue prejudice on the nonmoving party. See In re Cygnus Telecomm., 385 F. Supp. 2d at 1023; Affinity Labs of Texas v. Apple, Inc., 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010). The delay inherent to the reexamination process does not generally, by itself, constitute undue prejudice. Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) ("[T]he likely length of reexamination is not, in itself, evidence of undue prejudice . . . .").

Pragmatus argues that this motion to stay is premature because it was brought prior to an intial decision by the PTO. See Tokuyama Corp. v. Vision Dynamics, LLC, C082781SBA, 2008 WL 4532565, at *1 (N.D. Cal. Oct. 9, 2008) ("That no PTO proceedings are underway creates a delay to the plaintiffs which is prejudicial.") However, "[i]n light of the 'liberal policy' favoring stays pending reexamination, a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request." Ho Keung Tse v. Apple Inc., C 06-06573 SBA, 2007 WL 2904279, at *2 (N.D. Cal. Oct. 4, 2007). Indeed, it is not uncommon for this court to grant stays pending reexamination prior to the PTO deciding to reexamine the patent. See, e.g., id. at *5; ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); Hewlett-Packard Co. v. Acuson Corp., No. C-93-0808 MHP, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993); see also, Aten Int'l Co., Ltd v. Emine Tech. Co., Ltd., SACV09-0843AGMLGX, 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010); Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc., 02-74796, 2003 WL 22870902, at n.6 (E.D. Mich. Oct. 7, 2003) ("The Court finds that a stay at least is warranted while the PTO makes its initial determination as to whether to proceed with a reexamination."). Here, the parties will have a decision from the USPTO by November 17, 2011. If the request for reexamination is not granted, the case will have been delayed only by approximately one month.

Pragmatus further argues that it would be prejudiced by a stay because the stay would begin after it has served its infringement contentions but before Facebook has served its invalidity contentions. The deadline for Facebook to file its invalidity contentions has now passed. The court has not been informed as to whether Facebook complied with the October 10, 2011 deadline to serve

its invalidity contentions. If Facebook has not served is invalidity contentions, it is hereby ordered to do so, both to avoid the prejudice contemplated by Pragmauts and because Facebook was required to do so by this court's scheduling order.

Pragmatus also argues that, if the case is stayed, it will be unable to move for injunctive relief before the patents expire in 2013. Pragmatus, however, has not yet moved for injunctive relief and it is not clear that Pragmatus will ever move for an injunction. Furthermore, "[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." Implicit Networks Inc., v. Advanced Micro Devices, Inc., No. C 08-184 JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009). Pragmatus has not contested the Eastern District of Virginia's description of it as a "non-practicing entity, 'meaning that it does not research and develop new technology but rather acquires patents, licenses the technology, and sues alleged infringers.'" (Order Granting Facebook's Motion To Transfer Venue at 7-8, ECF No. 25). Thus, as a patent licensor, Pragmatus has not shown it has a plausible claim to an injunction.

Pragmatus also argues that it will be prejudiced because of the delay caused by the reexamination process in that evidence may degrade. Pragmatus, however, has not demonstrated that the risk of evidence loss is greater here than in any other case and that it amounts to more than the delay inherent to the reexamination process.

Finally, Pragmatus argues it would be prejudiced because Facebook unduly delayed in seeking reexamination by waiting nine months after Pragmatus filed its Complaint to file its requests. Facebook argues that the delay was caused by Pragmatus's filing the case in the Eastern District of Virginia and that Facebook acted promptly but had to undertake a complicated and time-consuming prior art search with respect to all claims of the two patents. The court is not persuaded that this delay was justified, but in light of all other arguments in favor of the stay, this one factor is not sufficient to overcome the liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings.

Accordingly, the court finds that this factor also weighs in favor of a stay.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Facebook's motion for a stay of this case. This action is STAYED in its entirety pending either final exhaustion of the reexamination proceedings, including any appeals.[2] The Clerk shall ADMINISTRATIVELY CLOSE this matter.

Facebook is ordered to serve invalidity contentions if it has not already done so. Facebook shall comply with this order no later than November 1, 2011.

Facebook's motion to stay pending this order (Motion for Stay Pending the Court's Ruling on Facebook's Motion To Stay Case Pending Inter Partes Reexamination of Patents-in-Suit, ECF No. 51) is DENIED AS MOOT, and the October 12, 2011 hearing is VACATED.

The parties shall submit a joint status report apprising the court of the status of the reexamination proceedings immediately upon (1) the grant or denial of Facebook's Requests for Reexamination and (2) the completion of the reexamination proceedings, including appeals. If the reexamination is granted, the parties shall submit a joint status report on March 1, 2012 and every sixth months thereafter. If the reexamination is denied, or upon the completion of the reexamination proceedings, in their notice, parties shall request that this matter be reopened and that a case management conference be scheduled.

IT IS SO ORDERED.

Dated: October 11, 2011

EDWARD J. DAVILA
United States District Judge

---

[2] This order does not preclude any party from moving to reopen this action.