United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| PRAGMATUS AV, LLC, | ) | Case No.: 5:11-CV-2168 EJD |
| Plaintiff, | ) | **ORDER DENYING MOTION TO LIFT STAY; GRANTING MOTION TO CLARIFY THE COURT'S PRIOR ORDER; GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION** |
| v. | ) | |
| FACEBOOK, INC., | ) | |
| Defendant. | ) | |
| | ) | **(Re: Docket Nos. 57, 59, 72)** |

Pending before the court is Plaintiff Pragmatus AV, LLC's ("Pragmatus") (1) Motion To Lift Stay Due to the PTO's Confirmation That All Patent Claims are Valid and (2) Motion To Enforce the Court's Scheduling Order and October 11, 2011 Order. The court finds that these motions are appropriate for determination without oral argument. See Civil L.R. 7-1(b). For the reasons discussed below, the motion to lift the stay is DENIED. The motion to enforce the court's prior orders is deemed to be a motion to clarify the court's prior orders and is GRANTED.

## I. BACKGROUND

On November 15, 2010, Pragmatus brought this action against Defendant Facebook, Inc. ("Facebook") alleging infringement of U.S. Patent No. 7,421,470 ("the '470 patent") and U.S. Patent No. 7,433, 921 ("the '921 patent") in the Eastern District of Virginia. See Compl., Docket No. 1. On January 21, 2011, Facebook moved to transfer venue pursuant to 28 U.S.C. § 1404(a).

1

United States District Court
For the Northern District of California

1  See Mot. To Transfer, Docket No. 12. On April 29, 2011, the Eastern District of Virginia granted

2  the Defendant's motion and transferred this action to this court. See Order Granting Facebook's

3  Mot. To Transfer, Docket No. 25. On May 3, 2011, this action was assigned to the undersigned and

4  a case management conference was set for August 26, 2011.

5       On August 17, 2011, Facebook filed a separate request for *inter partes* reexamination for

6  each of the patents-in-suit pursuant to 35 U.S.C. § 311. See Decl. of Heidi L. Keefe in Supp. Mot.

7  To Stay Exs. A, B, Docket Nos. 45-1 and 45-2. On August 18, 2011, Facebook filed a Motion to

8  Stay Pending *Inter Partes* Reexamination. Mot. To Stay, Docket No. 44. On October 11, 2011, the

9  court granted Facebook's motion to stay and ordered Facebook to serve its invalidity contentions

10 no later than November 1, 2011. Order Granting Mot. To Stay, Docket No. 56.

11      On October 21, 2011, the PTO granted Facebook's request for re-examination of the '470

12 patent. See Decl. of Matthew R. Sheldon Ex. B, Docket No. 60-3 at 11. Also on October 21, 2011,

13 the PTO issued an Action Closing Prosecution finding that all claims of the '470 patent were

14 deemed to be patentable. Id. at 22.

15      On October 31, 2011, the PTO granted Facebook's request for re-examination of the '921

16 patent. See Decl. of Matthew R. Sheldon Ex. C, Docket No. 60-4 at 24. Also on October 31, 2011,

17 the PTO issued an Action Closing Prosecution finding that all claims of the '921 patent were

18 deemed to be patentable. Id. at 10.

19      On November 1, 2011, Facebook served invalidity contentions but did not serve the

20 accompanying documents required by Patent L.R. 3-4(a). See Pl.'s Reply at 2:23-27, Docket No.

21 70.

22      On November 9, 2011, Pragmatus filed this (1) Motion To Lift Stay Due to the PTO's

23 Confirmation that All Patent Claims are Valid and (2) Motion to Enforce the Court's Scheduling

24 Order and October 11, 2011 Order. The motions were scheduled for oral argument on January 13,

25 2012. On January 10, 2012, the court took both motions under submission without oral argument

26 pursuant to Civil L.R. 7-1(b). See Clerk's Notice, Docket No. 73.

27

28

2

Case No.: 5:11-CV-2168 EJD
ORDER DENYING MOTION TO LIFT STAY; GRANTING MOTION TO CLARIFY THE
COURT'S PRIOR ORDER; GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL
DECLARATION

United States District Court
For the Northern District of California

On December 1, 2011, the PTO entered a Right of Appeal Notice regarding the reexamination of the '470 patent. Decl. of Mark W. Wasserman Ex A, Docket No. 72-2. On December 15, 2011, the PTO entered a Right of Appeal Notice regarding the reexamination of the '921 patent. Id. Ex. B., Docket No. 72-3. On December 29, 2011, Facebook filed a Notice of Appeal in connection with the reexamination of the '470 patent and a Notice of Appeal in connection with the reexamination of the '921 patent. Id. Ex. C and D, Docket Nos. 72-4 and 72-5. On January 10, 2012, the parties requested leave to file a supplemental declaration regarding these Right of Appeal Notices and the Notices of Appeal. See Docket No. 72. The motion to file a supplemental declaration is GRANTED.

## II. LEGAL STANDARDS

"Any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art" consisting of patents or printed publications. 35 U.S.C. § 302 (amended 2011). "Congress instituted the reexamination process to shift the burden or reexamination of patent validity from the courts to the PTO." Yodlee, Inc. v. Ablaise Ltd., Nos. C-06-07222 SBA, C-06-02451 SBA, C-07-01995 SB, 2009 WL 112857, at *2 (N.D. Cal. Jan. 16, 2009) (quoting Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 78 (D.D.C. 2002)) (quotation marks omitted). "Patent validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation." Canady, 271 F. Supp. 2d at 78 (citation omitted).

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936); Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983)). "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." ASCII Corp. v. STD Entm't USA, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994). However, "[a] court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement

Case No.: 5:11-CV-2168 EJD
ORDER DENYING MOTION TO LIFT STAY; GRANTING MOTION TO CLARIFY THE COURT'S PRIOR ORDER; GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION

United States District Court
For the Northern District of California

claims which the court must analyze." <u>NTP, Inc. v. Research In Motion, Ltd.</u>, 397 F. Supp. 2d 785, 787 (E.D. Va. 2005) (citing <u>Viskase Corp. v. Am. Nat'l Can Co.</u>, 261 F. 3d 1316, 1328 (Fed. Cir. 2001); <u>Medichem, S.A. v. Rolabo, S.L.</u>, 353 F.3d 928, 936 (Fed. Cir. 2003); <u>Patlex Corp. v. Mossinghoff</u>, 758 F.2d 594, 602–03 (Fed. Cir. 1985)). Nevertheless, a court may decide to grant a motion to stay "in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources, especially if the evidence suggests that the patents-in-suit will not survive reexamination." <u>MercExchange, L.L.C. v. eBay, Inc.</u>, 500 F. Supp. 2d 556, 563 (E.D. Va. 2007).

Courts consider three main factors in determining whether to stay a case pending reexamination: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." <u>Telemac Corp. v. Teledigital, Inc.</u>, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citing <u>In re Cygnus Telecomms. Tech., LLC Patent Litig.</u>, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

### III. DISCUSSION

**A. Motion To Lift The Stay**

For both patents, the PTO granted Facebook's requests for reexamination as to all claims for which reexamination was requested finding that the prior art cited by Facebook raised substantial new questions of patentability. Docket Nos. 60-3 and 60-4. The PTO then concluded the patent claims were distinguishable from the prior art. <u>Id.</u> Facebook has filed a Notice of Appeal to the Board of Patent Appeals and Interferences ("BPAI") as to both patent reexaminations.

Facebook's opening appeal briefs are be due within two months of filing those notices of appeal. <u>See</u> 37 CFR § 41.66(a). Pragmatus's brief must be filed within one month of Facebook's opening brief. <u>Id.</u> § 41.66(b). The Examiner must then review the appeal briefs filed by the parties and decide whether to adhere to its earlier decision that the patents are valid. <u>Id.</u> § 41.66(c). If the Examiner concludes that the appeal should not go forward, prosecution is reopened and a new non-

4

1   final office action is issued. Manual of Patent Examining Procedure § 2676, Docket No. 69-1. If

2   the Examiner determines that the appeal should go forward, a written answer is prepared and filed

3   with the appeal for consideration by the BPAI. Id. The BPAI may affirm or reverse each decision

4   of the Examiner on all issues raised on each appealed claim or remand the reexamination

5   proceeding to the Examiner for further consideration. Id. at § 2681. A party dissatisfied with the

6   BPAI's decision may appeal that decision to the U.S. Court of Appeals for the Federal Circuit. See

7   35 USC § 315(b); 37 CFR § 1.983(a).

8       Facebook argues that the because the Examiner's decision not to adopt Facebook's

9   proposed rejections stands on whether the prior art submitted by Facebook discloses a particular

10  limitation, reviewing that decision will force Pragmatus to take positions on the meaning of that

11  claim element. Thus, the appellate process will affect not just invalidity issues relating to prior art,

12  but also claim construction and non-infringement issues. Furthermore, Facebook argues that

13  continuing the stay will further simplify issues for litigation because estoppel in *inter partes*

14  reexamination is only triggered after all appeal rights have been exhausted.

15      Pragmatus argues that the Examiner's decision to reject Facebook's invalidity arguments

16  indicates that the issues in this case will not be further simplified by continuing the stay. Pragmatus

17  further argues that, in light of the PTO's finding in Pragmatus's favor, continuing to stay the

18  litigation for several years would prejudice Pragmatus. Pragmatus argues that it typically takes the

19  BPAI more than two years to decide an appeal regarding an inter parties reexamination. See

20  Docket No. 60 at 7:17; Docket No. 60-6 Figure 2.

21      Pragmatus relies on Cross Atlantic Capital Partners, Inc. v. Facebook, Inc., No. 07-2768,

22  2010 WL 4751673 (E.D. Pa. Nov. 22, 2010) for the proposition that lifting a stay after a PTO

23  Examiner decision but prior to any appeals to the BPAI is appropriate.[1] In that case, however, the

---

[1] Facebook, however, argues that Cross Atlantic Capital Partners is an example of the risk that
lifting a stay before appeals are exhausted can waste resources. In Cross Atlantic Capital Partners,
the court lifted a stay after a PTO examiner decision but before appeal to the BPAI, and the BPAI
subsequently reversed the examiner and found all claims to be invalid. Decl. of Justin P.D. Wilcox,
Ex. 4 at 4, Docket No. 69-4.

5

Case No.: 5:11-CV-2168 EJD
ORDER DENYING MOTION TO LIFT STAY; GRANTING MOTION TO CLARIFY THE
COURT'S PRIOR ORDER; GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL
DECLARATION

court emphasized the importance of the Examiner having issued her answer to the appeal brief. Id. at *2 ("With the issuance of her Answer to Appeal Brief, the Examiner has given her final word affirming the validity of all [] claims."). Unlike Cross Atlantic Capital Partners, here, "the Examiner ha[s] one additional opportunity to determine whether she should change her decision based upon the arguments in the appellate briefs and reopen the prosecution of the *inter partes* reexamination." Id. The potential for the Examiner to modify her decision weighs against lifting the stay at this time.

Additionally, based on the evidence Pragmatus has provided to the court, of *inter parte*s appeals decided in 2007-2010, the BPAI affirmed the Examiner 43% of the time. Docket No. 60-6 Figure 7. The remaining 57% of decisions either reversed the Examiner (24%), affirmed the Examiner only in-part (33%), or found a new grounds of rejection (10%). Id. Thus, it is more likely than not that the Examiner's decision will be modified by the BPAI.

Continuing the court action when the Examiner's decision may be modified either by the Examiner or by the BPAI could result in additional complexities. In light of the likelihood that continuing the stay will simplify the issues in question in this case and Pragmatus's failure to demonstrate prejudice resulting from the stay, staying this action is still appropriate. Accordingly, the motion to lift the stay is DENIED.

**B. Motion To Clarify the Court's Prior Order**

The court deems Pragmatus's Motion to Enforce the Court's Prior Order as a motion to clarify the court's prior order.[2] The court's October 11, 2011 Order included the following order,

> "The deadline for Facebook to file its invalidity contentions has now passed. . . . If Facebook has not served is invalidity contentions, it is hereby ordered to do so, both to avoid the prejudice contemplated by Pragmatus and because Facebook was required to do so by this court's scheduling order. . . . Facebook shall comply with this order no later than November 1, 2011."

---

[2] All discovery matters, including motions to compel discovery and motions for a protective order, should be noticed before the assigned magistrate judge.

6

Case No.: 5:11-CV-2168 EJD
ORDER DENYING MOTION TO LIFT STAY; GRANTING MOTION TO CLARIFY THE COURT'S PRIOR ORDER; GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION

United States District Court
For the Northern District of California

1    Docket No. 56 at 5:25-28, 6:1-3, 7:5-6. Pragmatus argues that this language required Facebook to

2    produce the documents required by Patent L.R. 3-4(a) in addition to the invalidity contentions.

3    Patent L.R. 3-4(a) requires a party opposing a claim of patent infringement to produce along with

4    the invalidity contentions, documents "sufficient to show the operation of any aspects or elements

5    of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart."

6         Facebook argues that the court did not order these documents to be produced, and Facebook

7    has complied with the court's order. Facebook argues that producing these additional documents,

8    including Facebook's confidential internal technical documents relating to the accused products,

9    relate to infringement and not to invalidity, and thus were outside the scope of the court-ordered

10   production. Additionally, Facebook argues that the deadline for producing these document would

11   have been October 11, 2011 because October 10, 2011 was a legal holiday. See Fed. R. Civ. P.

12   6(a)(6). Thus, the case was stayed before Facebook was required to produce them. Facebook

13   further argues that Pragmatus does not need these technical documents while the case is stayed and

14   that Pragmatus may improperly use them in the PTO reexamination to prejudice Facebook.

15        Although the court's October 11, 2011 order does not specify that Facebook should produce

16   documents required by Patent L.R. 3-4(a), the court's intention was to require Facebook to produce

17   all the documents it should have produced on October 10, 2011 or, because October 10, 2011 is a

18   legal holiday, on October 11, 2011.

19        As to Facebook's argument that its confidential document might be improperly used, the

20   court notes that a patent prosecution bar is in place. Patent L.R. 2-2 provides that the district's

21   Patent L.R. 2-2 Interim Model Protective Order governs discovery unless the court enters a

22   different protective order. A review of the docket indicates that no other protective order has been

23   entered by the court. Thus, the prosecution bar as defined by Section 8 of the Patent L.R. 2-2

24   Interim Model Protective Order applies in this case. Facebook may seek a different protective order

25   or one specifically with regard to these documents, but that motion is not before the court.

26        Accordingly, the motion to clarify is GRANTED. The court clarifies that by its October 11,

27   2011 Order, Facebook was required to produce documents identified in Patent L.R. 3-4.

28

7

Case No.: 5:11-CV-2168 EJD
ORDER DENYING MOTION TO LIFT STAY; GRANTING MOTION TO CLARIFY THE
COURT'S PRIOR ORDER; GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL
DECLARATION

1

**IV. CONCLUSION**

2          IT IS HEREBY ORDERED that the motion to lift the stay is DENIED.

3          IT IS FURTHER ORDERED that the motion to clarify is GRANTED.

4    Dated: February 6, 2012

5                                          _____

6                                          EDWARD J. DAVILA
                                           United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

8

28
     Case No.: 5:11-CV-2168 EJD
     ORDER DENYING MOTION TO LIFT STAY; GRANTING MOTION TO CLARIFY THE
     COURT'S PRIOR ORDER; GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL
     DECLARATION

*United States District Court*
*For the Northern District of California*