UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRAGMATUS AV, LLC,<br><br>　　　　　Plaintiff,<br>　v.<br>FACEBOOK, INC,<br>　　　　　Defendants. | Case No.: 5:11-cv-2168 EJD (PSG)<br><br>**ORDER GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER; GRANTING MOTION TO ENFORCE; DENYING MOTION FOR SANCTIONS**<br><br>**(Re: Docket Nos. 76, 81, 86)** |

In this patent infringement suit, Defendant Facebook, Inc. ("FB") moves for entry of a protective order under Pat. L.R. 2-2. Plaintiff Pragmatus AV, LLC ("Pragmatus") opposes FB's motion, and separately moves to enforce both the scheduling order and the court's February 6, 2012 order calling for the production of all Pat. L.R. 3-4(a) materials. Pragmatus also seeks sanctions. FB opposes both Pragmatus motions. On July 3, 2012, the court heard oral argument. Having considered the arguments and evidence presented to the court, the court GRANTS FB's motion, GRANTS Pragmatus' motion but only to extent it seeks production of documents "sufficient to show the operation of any aspects or elements of an Accused Instrumentality

1

Case No.: 5:11-cv-2168 EJD (PSG)
**ORDER GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER; GRANTING MOTION TO ENFORCE; DENYING MOTION FOR SANCTIONS**

identified by the patent claimant in its Patent L.R. 3-1(c) chart," and DENIES Pragmatus' motion for sanctions.

## I. DISCUSSION

The parties are well aware of their respective arguments. In the interest of providing a prompt ruling, the court therefore will proceed to address in a summary fashion the main issues in dispute.

As to the appropriate language for the prosecution bar in Section 8 of the court's Model Protective Order, FB's proposal is more persuasive, for two reasons: (1) the model order itself provides that the bar should extend beyond the "subject matter of the invention" to include "highly confidential technical information to be produced"; and (2) while the model order is not binding on the court, its underlying logic is sound and appropriately applied here. Individuals that gain access to highly confidential information, and not just highly confidential information falling within the scope of the asserted claims, should not be permitted to use it in their prosecution activities.

As to whether reexamination activities should be struck from the prohibition in section 8 of the Model Protective Order, and therefore permitted even under the prosecution bar, the answer again is no. Pragmatus has reasonably questioned whether the Model Protective Order's restriction on reexamination activities is properly included in the bar on patent prosecution. The Federal Circuit's decision in *Deutschbank* teaches that whether a particular prosecution bar is appropriate in a given case depends on a fact-specific inquiry, and should not be automatic.[1] *Deutschbank* also teaches that a party seeking to include a particular prosecution bar in a protective order carries the

---

[1] *See In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010) ("We therefore hold that a party seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information. We further hold that the party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.").

2
Case No.: 5:11-cv-2168 EJD (PSG)
**ORDER GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER; GRANTING MOTION TO ENFORCE; DENYING MOTION FOR SANCTIONS**

burden to show good cause for it.[2] But *Deutschbank* predated the Model Protective Order.[3] While, as suggested above, that order is merely a model, and not binding, the undersigned is loath to discard casually the collective wisdom of the court and the bar who, notwithstanding *Deutschbank*, promulgated the provision barring reexamination activities. More importantly, FB has demonstrated that it would be unfair to allow representatives of Pragmatus to make choices about whether and how to narrow a given claim during reexamination with FB's highly confidential information in hand.[4] The expense of retaining separate reexamination counsel notwithstanding, this rationale strikes the court as entirely reasonable.

As to whether Pragmatus is entitled to documents beyond those "sufficient to show" materials required under Patent L.R. 3-4(a), the answer is no. Nothing in *Cryptography Research*,[5] or any other case cited by Pragmatus, suggests that 3-4(a) itself requires production of additional documents. Those cases merely confirm that a party may not skirt its Rule 3-4(a) obligations merely because the most probative information is in the possession of a third party. While Pragmatus might otherwise be entitled to a greater universe of documents under Fed. R. Civ. P. 26 and 34, the presiding judge entered a stay in this case prohibiting discovery of anything from FB other than invalidity contentions (which FB has now tendered) and the Rule 3-4(a) materials.

---

[2] *See id.* at 1374.

[3] The Northern District's Interim Model Protective Order and its Model Stipulated Protective Order were last updated in November 2011.

[4] *See MicroUnity Sys. Engineering, Inc. v. Dell, Inc.*, Case No. 04-cv-120-TJW, 2005 WL 2299455, at *2-3 (E.D. Tex. Aug. 1, 2005) ("If the Prosecution Bar were lifted with respect to reexamination, all good intentions notwithstanding, MicroUnity's litigation counsel would be in the untenable position of distinguishing prior art in a manner that will take advantage of what they know about Intel's and Dell's products and will inexorably influence the way the reexaminations are prosecuted.").

[5] *See Cryptography Research, Inc. v. Visa Intern. Service Ass'n*, Case No. C04-04143 JW (HRL), 2005 WL 1787421, at *2, *4 (N.D. Cal. July 27, 2005) ("A more reasonable reading of the rule [3-4] is that [Defendant] must provide enough documentation to sufficiently show the operation of any aspects or elements of an Accused Instrumentality. . . . [Defendant] is reminded that Rule 3-4 is not limited to 'source code' or 'detailed design-level' information. Rather, Rule 3-4 clearly states that [Defendant] must turn over '[s]ource code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.'").

3
Case No.: 5:11-cv-2168 EJD (PSG)
**ORDER GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER; GRANTING MOTION TO ENFORCE; DENYING MOTION FOR SANCTIONS**

While the court is somewhat troubled by FB's delay in presenting for resolution outstanding disputes between the parties regarding the protective order, the court is persuaded that in the aggregate FB's response was "substantially justified." This is particularly true in light of its offer to produce the outstanding materials earlier under the conditions it urged in its motion. Under such circumstances, Fed. R. Civ. P. 37 prohibits any sanctions award.

## II.  CONCLUSION

No later than July 6, 2012, FB shall submit for court signature the Model Protective Order that includes its proposed language for Section 8. No later than July 13, 2012, FB shall produce all outstanding Rule 3-4(a) materials.

**IT IS SO ORDERED.**

Dated: July 5, 2012

PAUL S. GREWAL
United States Magistrate Judge